## CORNELIUS W. LAWRENCE ADS. THOMAS HALE.

It is not sufficient excuse for not bringing on the trial of a cause at issue that another cause is pending, in which the same principles are involved, the decision of which might aid in the determination of the suit not brought to trial.

This was a motion for a judgment of nonsuit for not bringing on the trial of a cause at issue, in which the plaintiff had been ruled at a previous term to bring on the trial of the cause. It was argued, in the branch court, before Justices OGDEN and POTTS.

The facts and grounds of the motion sufficiently appear in the opinion of the court.

OGDEN, J. This action, which dates its origin back to the memorable fire that swept over a portion of the city of New York in the winter of 1835, was commenced early in the year 1847, and put at issue in March, 1852. The plaintiff, having excused himself for not bringing it to trial according to the statute at the ensuing April Circuit held in the county of Essex, the defendant, at the June term of this court, took a rule that it be brought to trial in September.

The plaintiff duly noticed it for that term of the Essex circuit, but it was not called on for trial, because the court, for want of time, did not hear it. On the second day of the November term of this court, another rule was taken by the defendant for the plaintiff to carry the cause down for trial at the January circuit. A jury was struck, upon the application of the defendant, in the presence of one of the counsel for the plaintiff; the *venire* was placed in the sheriff's hands, and the defendant made preparations for his defence. The cause, however, was not noticed for trial, and the motion now before the court, in behalf of the defendant, is for a judgment, as in case of a nonsuit, with costs for such default. The only ground on which the plaintiff resists the application is, that the suit of " the American Print Works," against the same defendant, which was tried before a jury at the September circuit, for the recovery of losses sustained at the same fire, remains undetermined, and that legal principles involved in its ultimate settle-

ment will have an important bearing upon the trial of this cause. If the plaintiff, on such considerations, chose to disregard the rule of this court granted at the November term, he took the hazard of the consequences of his own determination.

It is not pretended that, after the rising of this court in November, any new light broke in upon him, which disclosed the alleged identity of the two causes, or changed their aspect.

The court adjourned without any application being made to it for the discharge or modification of the rule referred to, which was taken by the defendant early in the term, or for any indulgence in the conduct of the cause. The defendant has diligently sought a trial of the issues of fact joined in this case.

He has regularly, according to the practice of the court, kept the plaintiff reminded by rules, that delay would not be recognised, and he now has come and asked that the plaintiff, on account of his default in not obeying a rule of this court, may be nonsuited.

But I am prepared to place the settlement of this matter upon a broader ground than that of technical negligence. Suppose that the plaintiff had applied to the court, at the November term, for time for bringing on the trial of this cause, until the case of the American Print Works should be finally determined, could the court, in the correct exercise of its discretion, have granted the motion? I think not.

Upon what principle could such an indulgence rest? · The two cases are distinct. The plaintiff in the one, has no connection, by the pleadings, with the plaintiff in the other. The defendant may require different witnesses in the two cases; a verdict and judgment in the one could not conclude the other. No cause for permitting such delay could be urged, except it be that the determination of principles of law which are involved in the one case, will be applicable to the other. Be that so! Yet what authority has this court to say to a defendant, that the trial of his cause shall be dependent upon the action of another plaintiff in a different suit?

I do not perceive that the case would be changed in princi-

ple, if the defendant in the suit of Hale was a different person from the defendant in the suit of the Print Works. These causes are distinct, and I can see no propriety in one plaintiff saying to a common defendant, you must hold yourself in readiness to answer me, so soon as another plaintiff shall bring his suit against you to an end—but not before. Upon the theory maintained by the plaintiff, a defendant could claim a similar indulgence. If the views insisted upon by the plaintiff's counsel should be adopted, they would lead to the establishment of a rule, that this court can require the trial of one cause to be dependent upon the trial of another cause between different parties; and thereby make the rights of one suitor hang upon the action of another suitor, over whom he can have no control.

I can perceive nothing in the answer given by the plaintiff, which can excuse him in not noticing the cause for trial at the January circuit in Essex county, in obedience to the rule of this court, made in November, and I am of opinion that the defendant is entitled to have his motion granted, with costs.

Let a rule for such judgment be entered.

POTTS, J., concurred.